UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-10027-CIV-MARTINEZ**

CHRISTOPHER VALDEZ,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Christopher Valdez's *pro se* Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a

pretrial detainee who asks the Court to dismiss a state criminal charge against him because the

"State cannot meet the two elements to support the charge of burglary." (Pet. 6, 9). For the reasons

explained below, the Petition is **DISMISSED WITHOUT PREJUDICE**.

On February 25, 2026, Petitioner was charged with two crimes for allegedly taking a Louis

Vuitton purse and a pair of pearl earrings from a house in Key West: (1) Burglary of a Dwelling

under Florida Statute § 810.02; and (2) Grand Theft Over $750 under Florida Statute § 810.014.

(*See* Arrest Report [ECF No. 1-2]); Information, *State of Florida v. Valdez*, No. 2026-CF-00125-

AK (Fla. 16th Cir. Ct. Feb. 25, 2026).[1] Though he has not yet been tried for or convicted of those

crimes, Petitioner asserts that the substantiating evidence found in his home is the "fruit of a

---

[1]    "[C]ourts may take judicial notice of public records, such as a pleading filed in another
court, because such documents are 'capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned.'" *Navarro v. City of Riviera Beach*, 192
F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271,
1278 (11th Cir. 1999)); *see also* Fed. R. Evid. 201(b). The record in Petitioner's state criminal case
is available at https://cr.monroe-clerk.com/Attorney/SearchCriteria?caseType=CR.

poisonous tree" because it came from a "general exploratory" search police had conducted in 2019, not from the search police conducted in 2026. (*See* Pet. 6–8).

Under the Rules Governing Section 2254 Cases in the United States District Courts, which also apply to § 2241 petitions, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* 28 U.S.C. § 2254 Rule 1(b); *see also* 28 U.S.C. § 2254 Rule 4; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014). Indeed, the Supreme Court has explained that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). One way a habeas petition can be legally insufficient on its face is if it violates the abstention principles laid out in *Younger v. Harris*, 401 U.S. 37 (1971). *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." (quotation marks omitted)).

In *Younger*, the Supreme Court held that, "absent extraordinary circumstances[,] federal courts should not enjoin pending state criminal prosecutions." *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). "That far-from-novel holding was based partly on traditional principles of equity, but rested primarily on the 'even more vital consideration' of comity." *Id.* (citations omitted) (quoting *Younger*, 401 U.S. at 44). Specifically, the Court sought to preserve "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *See Younger*, 401 U.S. at 44; *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (explaining that *Younger* abstention "derives

from the vital consideration of comity between the state and national governments" (citation modified)).

In a later decision, the Supreme Court clarified that *Younger* "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Id.* at 432 (quotation marks omitted). States have a vital interest in their ability to conduct legal proceedings "necessary for the vindication of important state policies or for the functioning of the state judicial system." *See id.* "The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Id.* (citation modified). The Eleventh Circuit has summarized the *Younger/Middlesex* "threefold" question this way: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Child.*, 329 F.3d at 1274 (alteration adopted).

If *Younger* abstention applies, federal courts have "consistently recognized" its limitation on interfering with "state criminal prosecutions unless one of a few narrow exceptions is met." *See Hughes*, 377 F.3d at 1263 (footnote omitted). Those three exceptions are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6; *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). To exemplify a proceeding motivated by bad faith, the Supreme Court has described one brought without "any expectation of securing valid convictions" that instead is "part of a plan" to "harass" a defendant. *See Younger*, 401 U.S. at 48 (quotation marks omitted). Similarly, the Eleventh Circuit (when it was still the Fifth Circuit)

has explained that the "cost, anxiety, or inconvenience of defending a single criminal proceeding does not amount to the irreparable injury required by *Younger*." *Kolski*, 544 F.2d at 766. Finally, the Supreme Court has recognized "the ability of state courts to give full and adequate protection to defendants' federal constitutional rights." *See id.* at 766 n.9 (citing *Stone v. Powell*, 428 U.S. 465, 493 n.35 (1976)).

Putting those principles together, Petitioner has not overcome the *Younger* abstention hurdles here. First, *Younger* abstention applies because all three requirements are met. *See 31 Foster Child.*, 329 F.3d at 1274. Petitioner's state criminal case is certainly an ongoing state judicial proceeding. *See id.* Likewise, Florida has important state interests in vindicating its policy against crime and facilitating the functioning of its state judicial system, both of which it furthers by prosecuting Petitioner for burglary and theft. *See id*; *Middlesex*, 457 U.S. at 432. And as the Supreme Court and the Eleventh Circuit have noted, a state criminal trial will afford Petitioner an adequate opportunity to raise federal constitutional challenges, *see 31 Foster Child.*, 329 F.3d at 1274; *Kolski*, 544 F.2d at 766 n.9; *Stone*, 428 U.S. at 493 n.35, including the Fourth Amendment violation he appears to allege in the Petition, (*see* Pet. 6–9).

Second, Petitioner can meet none of the three exceptions to *Younger* abstention. *See Hughes*, 377 F.3d at 1263 n.6. Petitioner does not assert there is evidence that he has been criminally charged purely to harass him or without any expectation of securing a valid conviction against him, (*see generally* Pet.), which is what is necessary to show bad-faith motivation, *see Younger*, 401 U.S. at 48. In fact, Petitioner appears to admit that police found evidence in his home linking him to the charged crimes, though he asserts that evidence was illegally obtained. (*See* Pet. 6–9). Petitioner also does not claim he would be irreparably harmed by a state criminal trial. (*See generally id.*). Even if he had so alleged, however, the former Fifth Circuit has already decided that the cost, anxiety, or inconvenience of defending a single criminal proceeding does not amount

4

to the irreparable injury required by *Younger*. *See Kolski*, 544 F.2d at 766. Finally, Petitioner does not assert—and in any event cannot show—that a state criminal trial is an inadequate forum in which to raise his federal constitutional issues. (*See generally* Pet.). As the Court has explained, state courts can give full and adequate protection to defendants' federal constitutional rights. *See Kolski*, 544 F.2d at 766 n.9; *Stone*, 428 U.S. at 493 n.35.

For all those reasons, the Court concludes that no extraordinary circumstances exist here that outweigh the strong federal policy against federal-court interference with pending state judicial proceedings. *See Middlesex*, 457 U.S. at 431. As a result, the Court must abstain under the *Younger* doctrine, *see id.* at 432, and cannot grant Petitioner the habeas relief he seeks, *see Hughes*, 377 F.3d at 1262. The Petition is therefore due to be summarily dismissed because it is legally insufficient on its face. *See* 28 U.S.C. § 2254 Rule 4; *Hittson*, 759 F.3d at 1270; *McFarland*, 512 U.S. at 856.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** based on the *Younger* abstention doctrine and 28 U.S.C. § 2254 Rule 4.

2. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this ___6___ day of April 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     Christopher Valdez, *pro se*
        all counsel of record